**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BUTTERBEE FARM; | ) |
| | ) |
| CULTIVATE KC | ) |
| 4049 Pennsylvania Avenue, Suite 206 | ) |
| Kansas City, MO 64111; | ) |
| | ) |
| FAITH IN PLACE | ) |
| 5416 S Cornell Avenue, 4th Floor | ) |
| Chicago, IL 60615; | ) |
| | ) |
| GREENLATINOS | ) |
| 1919 14th Street, Suite 700 | ) |
| Boulder, CO 80302; | ) |
| | ) |
| HENDRIX FARM; | ) |
| | ) |
| ONE ACRE FARM; | ) |
| | ) |
| RED FIRE FARM; *and* | ) |
| | ) |
| TWO BOOTS FARM, | ) |
| *Plaintiffs,* | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| UNITED STATES DEPARTMENT OF | ) **FOR DECLARATORY AND** |
| AGRICULTURE | ) **INJUNCTIVE RELIEF** |
| 1400 Independence Avenue SW | ) |
| Washington, DC 20250; | ) |
| | ) |
| BROOKE ROLLINS, in her official | ) |
| capacity as Secretary of the Department of | ) |
| Agriculture, | ) |
| 1400 Independence Avenue SW | ) |
| Washington, DC 20250; | ) |
| | ) |
| OFFICE OF MANAGEMENT AND | ) |
| BUDGET | ) |
| 725 17th Street NW | ) |
| Washington, DC 20503; | ) |
| | ) |
| RUSSELL VOUGHT, in his official | ) |
| capacity as Director of the Office of | ) |
| Management and Budget, | ) |
| 725 17th Street NW | ) |
| Washington, DC 20503; *and* | ) |

| | |
|---|---|
| DONALD J. TRUMP, in his official capacity as President of the United States of America, 1600 Pennsylvania Avenue NW Washington, DC 20050, | ) ) ) ) ) |
| | ) |
| *Defendants*. | ) |

## INTRODUCTION

1.      This is a suit to compel Defendants United States Department of Agriculture (USDA); Brooke Rollins, in her official capacity as USDA Secretary; Office of Management and Budget (OMB); Russell Vought, in his official capacity as OMB Director; and Donald Trump, in his official capacity as President of the United States of America, to lift their unlawful and indefinite freeze of Congressionally appropriated funds for farmers, non-profit organizations, and other USDA grantees.

2.      In 2022, Congress passed the Inflation Reduction Act (IRA), Pub. L. No. 117-169, 136 Stat. 1818. The Act appropriated funds for various programs implemented by USDA, in such areas as agricultural conservation, renewable energy projects for rural communities and farmers, forestry restoration, and fuel reduction. Inflation Reduction Act of 2022, H.R. 5376, 117th Cong. Title II.

3.      Plaintiffs are farmers and non-profit organizations that received federal USDA grants under these programs and that acted in reliance on these grants, by hiring employees, performing work with communities, and expending money to develop the funded projects.

4.      On his first day in office, President Trump signed an Executive Order titled *Unleashing American Energy* that directed agencies to "immediately pause the disbursement of funds appropriated" through the IRA and to review their grants for consistency with the

President's policy preferences as outlined in the Order. Exec. Order 14154, 90 Fed. Reg. 8353, 8357 (Jan. 29, 2025).

5.      The Executive Order was promptly followed by instructions from OMB to halt disbursement of funds, including to existing grantees performing projects for which USDA had already obligated funds. Agencies, including USDA, promptly complied by cutting off IRA grant recipients' access to payment portals, refusing to process invoices, canceling check-in meetings, and failing to respond to requests for clarification from grantees.

6.      The indefinite and indiscriminate funding freeze violates the U.S. Constitution's separation of powers and Take Care Clause and the Administrative Procedure Act (APA) 5 U.S.C. § 701, *et seq.*, because it is arbitrary and capricious and contrary to law.

7.      Defendants have caused direct and immediate harm to Plaintiffs and many farmers and non-profit organizations whose livelihoods, jobs, and communities are now at risk. Some Plaintiffs have already laid off employees. All are faced with the prospect of layoffs or furloughs, abandoning projects in which they have invested significant time and money, or being responsible for costs the government promised to cover.

8.      Plaintiffs seek declaratory and injunctive relief ending the unlawful funding freeze initiated by the *Unleashing American Energy* EO and the actions taken by USDA and OMB to halt disbursement of obligated funds.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically, the United States Constitution and the APA, and pursuant to 28 U.S.C. § 1361.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(A) because Defendants are officers and agencies of the United States, and at least one Defendant resides in Washington, DC.

**PARTIES**

**Plaintiffs**

11.    Plaintiff Butterbee Farm is a woman-owned, regenerative flower farm in Maryland. It delivers flowers to the Baltimore and DC areas.

12.    Plaintiff Cultivate KC is a non-profit organization operating in Kansas and Missouri that supports farmers and advocates for an equitable, sustainable, and healthy local food system. The organization's work includes managing urban farms and a farmer training program in the Kansas City metro area, running a mobile grocery program to combat low food access, and assisting local farmers through consultations, grants, and practical support.

13.    Plaintiff Faith in Place is a non-profit organization that works across Illinois, Indiana, and Wisconsin to empower people of diverse faiths and spiritualities to be leaders in advancing environmental projects and advocacy in their communities.

14.    Plaintiff GreenLatinos is a national non-profit organization confronting national and local environmental issues in the Latino community. The organization works with communities across the country, including New Mexico, Illinois, Texas, California, and Colorado, to advocate for clean air and water, public lands, sustainable communities, and to promote urban and community forestry.

15.    Plaintiff Hendrix Farm is a woman- and Black-owned farm in Mississippi. The farm prioritizes having a diversified business, growing fruit trees and seasonal vegetables, raising chickens for fresh farm eggs, and beekeeping for honey production.

4

16.     Plaintiff One Acre Farm is a farm in Maryland that delivers organically grown vegetables to the local community, using sustainable environmental and business practices.

17.     Plaintiff Red Fire Farm is a USDA Certified Organic farm in Massachusetts. It aims to be a year-round local source for high-quality food and garden plants.

18.     Plaintiff Two Boots Farm is a family run farm and floral design studio in Maryland. It grows a variety of flowers and specialty produce using sustainable, ecological practices.

## Defendants

19.     Defendant USDA is a cabinet agency within the executive branch of the United States government. 7 U.S.C. § 2201.

20.     Defendant Brooke Rollins is the Secretary of USDA and the Department's highest ranking official. *Id.* § 2202. She is sued in her official capacity.

21.     Defendant OMB is a federal agency responsible for oversight of federal agencies' performance and the administration of the federal budget. 31 U.S.C. §§ 501–07.

22.     Defendant Russell Vought is the Director of OMB and the agency's highest ranking official. *Id.* § 502. He is sued in his official capacity.

23.     Defendant Donald Trump is the President of the United States. He is sued in his official capacity.

## BACKGROUND

24.     In 2022, Congress passed and the President signed the IRA, which appropriated funds for existing and new programs over the course of a decade, including public health, environmental, climate-related, and agricultural programs.

25.    Relevant here, the IRA appropriated funds to USDA for several grant programs in which Plaintiffs participate. Specifically, the IRA appropriated $1 billion to the National Resources Conservation Service's Conservation Technical Assistance Program, which provides farmers and others with one-on-one advice, conservation technologies, and delivery systems for a healthy landscape (H.R. 5376 § 21002); $1.7 billion for the Rural Energy for America Program (REAP), including over $300 million for loans and grants to farmers to install renewable energy systems or make energy efficiency improvements (H.R. 5376 § 22002); money for assistance and support for underserved farmers and others, including $125 million for programs to provide training, support, and technical assistance and $250 million for land loss assistance to increase farmers' access to land, capital, and markets (H.R. 5376 § 22007); and $1.5 billion to the Forest Service's Urban and Community Forestry Program that assists States, Tribes, and partner organizations in improving forests in urban communities nationwide (H.R. 5376 § 22003).

26.    USDA issued notices of funding opportunities, reviewed applications, and awarded grants under these programs, including to Plaintiffs.

27.    Each of these programs requires grantees to either incur expenses and then seek reimbursement or submit requests for advances from USDA as they pursue their project's aims. In reliance on these awards and subsequent agreements signed with the government, grant recipients, including Plaintiffs, began implementing their projects. Some hired staff, awarded subgrants, began construction on projects, and started working with communities. All Plaintiffs incurred expenses expecting to be reimbursed for approved expenditures in accordance with the terms of their grant agreements. Prior to January 20, 2025, reimbursement and advance requests were regularly processed and paid in accordance with the terms of their agreements, generally within days of submittal.

28.     On his first day in office, January 20, 2025, President Trump signed the

*Unleashing American Energy* Executive Order. Exec. Order 14154, 90 Fed. Reg. 8353 (Jan. 29,

2025). Section 2 of that Executive Order outlined a series of broad "polic[ies] of the United

States," such as encouraging energy exploration and production on federal land and waters;

establishing a position as a leading producer and processor of non-fuel minerals; ensuring an

abundant energy supply; and, most relevant to this action, "ensur[ing] that no Federal funding be

employed in a manner contrary to the principles outlined in this section, unless required by law."

*Id*. at 8353-54.

29.     Section 7 of the Order directed agencies to "immediately pause the disbursement

of funds appropriated" through the IRA and to "review their processes, policies, and programs

for issuing grants, loans, contracts, or any other financial disbursements of such appropriated

funds for consistency" with the Executive Order. *Id.* at 8357.

30.     On January 21, Acting OMB Director Matthew Vaeth issued a memorandum to

the heads of departments and agencies stating that the *Unleashing American Energy* EO required

them to halt disbursement of "appropriations for objectives that contravene the policies

established in section 2" of the Executive Order. OMB, Memorandum, M-25-11, "Guidance

Regarding Section 7 of the Executive Order *Unleashing American Energy*," from Matthew

Vaeth, Acting Director (Jan. 21, 2025).

31.     On January 27, OMB directed departments and agencies to "**temporarily pause**

all activities related to obligation or disbursement of all Federal financial assistance" and any

"other relevant agency activities" that "may be implicated by" the Executive Order. OMB, M-

25-13, *Temporary Pause of Agency Grant, Loan, & Other Financial Assistance Programs* 2

(Jan. 27, 2025) (OMB Directive) (emphasis in original). A question-and-answer sheet that OMB

issued the following day, however, stated that "any program that provides direct benefits to Americans is explicitly excluded from the pause and exempted from this review process" and that "[f]unds for small businesses [and] farmers … will not be paused."[1]

32.    Amidst these directives to pause the disbursement of all IRA funds, USDA cut off Plaintiffs' access to obligated funds.

33.    Although OMB rescinded the Memorandum on January 29, in response to a lawsuit, White House Press Secretary Karoline Leavitt stated the same day that "[t]his is NOT a rescission of the federal funding freeze. It is simply a rescission of the OMB memo …. The President's EO's on federal funding remain in full force and effect, and will be rigorously implemented."[2]

34.    Even after OMB rescinded its Memorandum, USDA continued to withhold Plaintiffs' funds, and USDA explicitly linked its actions to the directive in the Executive Order. A form response to an inquiry from Plaintiff Faith in Place on January 31 asked it to "[p]lease be patient until we receive more clarity and direction about OMB Memo M-25-13."[3] On February 4, Plaintiff Butterbee Farm received notice from USDA that one of its reimbursement requests "was rejected… due to the recent executive orders issued under the Trump Administration."[4] On February 11, Plaintiff Red Fire Farm received an email from USDA stating: "On January 20, 2025, President Trump signed an Executive Order that placed a freeze on spending authorized by

---

[1] A copy of this document is attached to this Complaint as Exhibit 1.
[2] A copy of this document is attached to this Complaint as Exhibit 2.
[3] A copy of this document is attached to this Complaint as Exhibit 3.
[4] A copy of this document is attached to this Complaint as Exhibit 4.

the [IRA].... USDA leaders have been directed to assess whether grants, loans, contracts, and other disbursements align with the new administration's policies."[5]

35.    In response to a recent Senate office inquiry on behalf of farmers, including some farmer Plaintiffs, USDA said that "[n]ew financial assistance obligations for REAP IRA grants are temporary [sic] paused per OMB Memo M-25-13. Disbursements for previously obligated REAP IRA grants are paused until the Agency verifies that awarded projects align with the law and the policy outlined in section 2 of [the *Unleashing American Energy*] Executive Order …. There are approximately 6,000 REAP IRA grant awards from FYs 2023-2025 that are paused and being reviewed for compliance with [the] Executive Order."[6]

36.    Some Plaintiffs had check-in meetings with their USDA representatives cancelled, and one Plaintiff was told that their USDA grant officer did not have permission to speak with grantees.

37.    Courts have issued temporary restraining orders and preliminary injunctions to Defendants regarding their efforts to freeze obligated funds, including IRA funds, in other cases.[7] Notwithstanding entry of these interim orders, IRA grant recipients, including Plaintiffs, have not received the grant money guaranteed under the IRA and the terms of their grants for expenses incurred following January 20, 2025.

---

[5] A copy of this document is attached to this Complaint as Exhibit 5.
[6] A copy of this document is attached to this Complaint as Exhibit 6.
[7] *See Nat'l Council of Nonprofits v. OMB*, 2025 WL 314433, at *2 (D.D.C. Jan. 28, 2025); *New York v. Trump*, 2025 WL 357368, at *5 (D.R.I. Jan. 31, 2025); *Nat'l Council of Nonprofits v. OMB*, 2025 WL 368852, at *14 (D.D.C. Feb. 3, 2025); *New York v. Trump*, 2025 WL 440873, at *1-2 (D.R.I. Feb. 10, 2025); *Nat'l Council of Nonprofits v. OMB*, 2025 WL 597959, at *19 (D.D.C. Feb. 25, 2025); *New York v. Trump*, No. 2025 WL 715621, at *16 (D.R.I. Mar. 6, 2025).

## PLAINTIFFS' INJURIES

38.     All Plaintiffs are concretely injured by the ongoing freeze of IRA funds and will continue to be harmed if USDA does not resume reimbursement payments under the terms of Plaintiffs IRA grants.

39.     Plaintiffs Butterbee Farm, Hendrix Farm, One Acre Farm, Red Fire Farm, and Two Boots Farm (the Farmer Plaintiffs) were awarded REAP grants which would pay a portion of the cost of solar energy or energy efficiency projects for their farms.

40.     The Farmer Plaintiffs have entered into contracts with installers, purchased supplies, expended significant funds of their own and, in some cases, taken on loans to pay their portion of the projects. Much of this money will be unrecoverable if the government does not resume disbursing reimbursement payments. Plaintiffs Butterbee Farm and One Acre Farm, who have fully completed solar projects, will have to pay tens of thousands of dollars that the government had promised to pay pursuant to the terms of their REAP grants for the already completed installations. Such a substantial, unexpected financial burden could put Plaintiffs' farms' financial futures at risk. For Plaintiff Red Fire Farm, the delay in funding puts an additional state grant at risk that is partially funding its solar project. Plaintiffs would not have taken on these projects without the financial support of the USDA program.

41.     In addition to the funds expended, loans taken on, and potential loss of other grant funds, some of the Farmer Plaintiffs are at risk of losing the long-term benefits of their solar and energy efficiency projects. If fully completed, these projects will reduce their operating costs, improving the slim margins under which they operate. Should the funding fall through, some Plaintiff Farmers will be unable to move forward with the projects and will lose these benefits.

42.     Plaintiffs Cultivate KC, Faith in Place, and GreenLatinos are facing or have already had to furlough or layoff staff or cut programs, and been unable to fund subawards as a result of the IRA funding freeze. USDA's failure to disburse obligated payments to fund Plaintiffs' projects has put the future of these projects at risk.

43.     Plaintiff Cultivate KC was awarded two grants that are now frozen: (1) an Increasing Land Access grant to provide bridge funding to farmers, purchase land to create an incubator farm for new farmers, and create a city-level position focused on food systems challenges; and (2) a Conservation Technical Assistance grant to run technical workshops and create educational materials for Missouri's underserved farmers. For both grants, the organization incurs expenses and then seeks reimbursement from the federal government. Cultivate KC has not received reimbursements for any invoices submitted after January 20. Prior to the freeze, the organization would typically receive funds within a few days to one week after submitting a reimbursement request; it has now been waiting for over five weeks.

44.     As a result of the uncertainty of when or if USDA will reimburse current and future invoices, Plaintiff Cultivate KC has paused implementation of multiple programs, including a microgrants program for farmers and a land purchase to expand the organization's operations. It has eliminated a staff position for work on the new land purchase, reallocated other staffs members' work, and altered future programming plans. If the funding does not resume, the organization anticipates having to pause hiring for unfilled positions and work to fill a funding hole of nearly $100,000.

45.     Plaintiff Faith in Place has not received reimbursements for its Urban and Community Forestry Grant since January 20, 2025. As a result of the funding freeze, Faith in Place has laid off employees. Additionally, after announcing $1.3 million in awards to

subawardees, it has now had to notify subawardees that it cannot pay out their awards as long as the freeze lasts. Projects, including tree planting, have been disrupted; staff have wasted time on designing and implementing programs that can no longer move forward; and subawardees have spent money in reliance on Faith in Place's ability to pay their awards from the now frozen federal funds.

46.     Plaintiff GreenLatinos, an Urban and Community Forestry grant recipient, experienced months-long delays in reimbursement of its 2024 invoices because of the freeze, has not received reimbursement for invoices submitted for any work performed in 2025, and has had to make staffing and programmatic changes due to the uncertainty of future reimbursement. It has rapidly shifted its staffing model to preserve valued staff members' positions without reliance on its Urban and Community Forestry grant. It paused the contracting process with several grant subawardees, paused trainings for already contracted subawardees, and delayed the primary goal of the program: planting trees in the ground. The harm from freezing GreenLatinos's funds further ripples out: subawardees are unable to proceed with their tree planting programs, and some are concerned they will have to fire staff if the funding freeze continues. GreenLatinos has awarded eighteen municipalities $11.5 million in subawards and fifteen community-based organizations $8.5 million. In total, its funding affects over 110 project partners, 155 jobs, and over 115 contractors. The lack of certainty around whether USDA will fulfill its obligations under the grant puts all of that at risk.

47.     The freeze of IRA funds and withholding of obligated funds from grant recipients has directly harmed Plaintiffs and will continue to do so if it remains in effect. Even if preliminary court orders in other cases were to result in short-term relief such as payment of past

and near-term invoices, they would not fully redress the harms caused by the continued

uncertainty around whether the government will fulfill its obligations to grant recipients.

48.     The injuries described above would be redressed by the relief sought herein.

## CLAIMS FOR RELIEF

### Claim One – Violation of Separation of Powers

### (Against All Defendants)

49.     Plaintiffs incorporate by reference all allegations contained in the proceeding

paragraphs.

50.     Plaintiffs have a non-statutory right of action to have official action that is *ultra*

*vires* declared unlawful.

51.     The President of the United States has only those powers conferred on him by

Article II of the Constitution and federal statutes.

52.     The Constitution vests spending powers exclusively in the hands of Congress. *See*

U.S. Const. art. I, §§ 1, 8.

53.     The Constitution also grants Congress exclusive power to legislate.

54.     The President has no authority under the Constitution to unilaterally amend

federal statutes.

55.     By directing "all agencies" to "immediately pause the disbursement of funds

appropriated through the [IRA]" and providing that "[n]o funds … shall be disbursed by a given

agency until the Director of OMB and Assistant to the President for Economic Policy have

determined that such disbursements are consistent with any review recommendations they have

chosen to adopt," the *Unleashing American Energy* Executive Order exceeds presidential

authority and usurps legislative authority conferred by the Constitution on Congress, in violation of the separation of powers. 90 Fed. Reg. at 8357.

56.    By directing agencies to withhold federal funding based on factors that are impermissible and arbitrary under the governing statutes, the *Unleashing American Energy* Executive Order unlawfully purports to amend Congressional appropriations statutes.

57.    Plaintiffs are suffering and will suffer irreparable injury if the Executive Order is not declared unlawful, and Plaintiffs have no adequate remedy at law.

58.    The public interest favors a declaration that the freeze of obligated IRA funds via the *Unleashing American Energy* Executive Order, and actions taken to implement it, are unconstitutional, in violation of the separation of powers.

## **Claim Two – Violation of Take Care Clause**

## **(Against All Defendants)**

59.    The President and the Executive Branch have a duty under the Constitution to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3.

60.    The Take Care Clause establishes a duty on the Executive to faithfully execute Congress's laws.

61.    The Executive violates the Take Care Clause when it directs federal officers or agencies to act in derogation of a federal statute. It also violates the Take Care Clause when it declines to execute or undermines statutes enacted by Congress and signed into law or duly promulgated regulations implementing these statutes.

62.    The Take Care Clause is judicially enforceable against executive action that undermines or refuses to implement statutes enacted by Congress and signed into law. *See, e.g.*, *Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293, 296 (1945).

63. By freezing funding appropriated by Congress in the IRA and lawfully obligated to Plaintiffs without regard to statutes, regulations, and terms governing that funding, Defendants act contrary to the Executive's duty to take care that the laws be faithfully executed.

64. Plaintiffs will suffer irreparable injury if the Executive Order is not declared unlawful, and Plaintiffs have no adequate remedy at law.

65. Plaintiffs are also entitled to a preliminary and permanent injunction preventing USDA and OMB (Agency Defendants) from refusing to disburse obligated federal funds in an effort to comply with the *Unleashing American Energy* Executive Order and related OMB directives.

## Claim Three – Violation of Administrative Procedure Act

## Contrary to Law

## (Against Defendants USDA, Secretary Rollins, OMB, and Director Vought)

66. Agency Defendants are "agencies" under the Administrative Procedure Act. 5 U.S.C. § 551(1).

67. The APA requires a court to "hold unlawful and set aside agency action … not in accordance with law." *Id.* § 706(2)(B)–(C).

68.

69. No constitutional or statutory authority authorizes federal agencies to refrain from fulfilling their statutory duties or to violate federal law.

70. Congress authorized and appropriated funds under the IRA that have been obligated through an established grant award process to Plaintiffs.

15

71.    The Agency Defendants have refused to disburse those funds, implementing a categorical freeze on obligated funds appropriated by the IRA regarding violation of statutes, regulation, and terms governing that funding.

72.    Defendants' actions constitute the unlawful impoundment of appropriated funds, withheld in violation of the Congressional Budget and Impoundment Control Act of 1974 (the Impoundment Control Act) and the APA.

73.    Plaintiffs are entitled to a declaration that Defendants' actions violate the APA because they are contrary to law and a preliminary and permanent injunction preventing Agency Defendants from maintaining or reinstating their freeze of obligated IRA funds.

## Claim Four – Violation of Administrative Procedure Act

## Arbitrary and Capricious

## (Against Defendants USDA, Secretary Rollins, OMB, and Director Vought)

74.    A court must "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. § 706(2)(A).

75.    Agency Defendants provided no reasoned basis for halting the payment of obligated funds to grant recipients without considering the consequences of those actions. A directive from the President to align spending with policy preferences and halt the expenditure of funds appropriated under the IRA does not provide a reasoned basis for an immediate, categorical, and indefinite funding freeze and fails to consider reliance interests.

76.    The *Unleashing American Energy* Executive Order and related OMB directives also fail to provide a reasoned basis for contradicting Congress's intent and directive.

77.    Agency Defendants' refusal to disburse obligated funds is arbitrary and capricious and Plaintiffs are entitled to a preliminary and permanent injunction preventing Agency Defendants from maintaining or reinstating their freeze of obligated IRA funds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)    Declare Section 7 of the *Unleashing American Energy* Executive Order and the agency actions to implement it unconstitutional and/or unlawful;

(2)    Vacate Agency Defendants' actions implementing the freeze of Inflation Reduction Act funds;

(3)    Preliminarily and permanently enjoin Agency Defendants from implementing and maintaining the freeze on these funds, or giving effect to, or reinstating it under a different name, immediately reimburse Plaintiffs for outstanding invoices, and from delaying future payments to Plaintiffs of funds to which they are entitled;

(4)    Order Agency Defendants to release any currently frozen, obligated funds appropriated under the Inflation Reduction Act, including those owed to Plaintiffs.

(5)    Retain jurisdiction to ensure compliance with this Court's decree.

(6)    Award Plaintiffs the costs of this action, including attorney's fees.

(7)    Grant such other relief as the Court deems just and proper.

DATED:          March 13, 2025          Respectfully submitted,

<u>/s/ Hana V. Vizcarra</u>
Hana V. Vizcarra (D.C. Bar No. 1011750)
Deena Tumeh (D.C. Bar No. 1741543)
Mary (Molly) Prothero (D.C. Bar No. 1779237)*
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
hvizcarra@earthjustice.org
dtumeh@earthjustice.org
mprothero@earthjustice.org

*D.D.C. application pending; pro hac motion forthcoming

18